ORIGINAL

EDWARD H. KUBO, JR.  2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  2286
Chief, Narcotics Section

THOMAS MUEHLECK  3591
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: 541-2850
Facsimile: 541-2958
Tom.Muehleck@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 1 8 2006

at ___ o'clock and ___ min ___ M
SUE B___        CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,                    )<br>                                             )<br>           Plaintiff,                        )<br>                                             )<br>      vs.                                    )<br>                                             )<br> SHAM VIERRA,             (01),              )<br>                                             )<br>                                             )<br>           Defendant.                        )<br>_____) | CR. NO. 04-00400-01 HG<br>CR No. 06-00006 HG<br><br>MEMORANDUM OF PLEA AGREEMENT<br><br>Date:<br>Time:<br>Judge: Hon. Helen Gillmor |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, SHAM VIERRA, and his attorney, Samuel P. King, Jr., have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment with violating Title 21, United States Code, Sections 841(a)(1), 843(b), and 846.

2. The defendant acknowledges receipt of the Information filed in this case charging him with possessing ammunition affecting interstate commerce after having been convicted of a crime punishable by imprisonment for more than one year in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

3. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney.

4. Defendant has read the charge against him in the Information and that charge has been fully explained to him by his attorney. Defendant waives presentation of the crime charged in the Information to the grand jury and consents to the filing of the Information.

5. Defendant fully understands the nature and elements of the crimes with which he has been charged.

6. Defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging him with conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers. The defendant will enter a voluntary plea of guilty to the Information charging him with possessing 39 rounds of

ammunition affecting commerce while having been convicted of a crime punishable by a term of imprisonment in excess of one year, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The prosecution agrees to move to dismiss the remaining counts of the Indictment as to Defendant after sentencing.

7. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

8. Defendant enters this plea because he is in fact guilty of conspiring to distribute 50 grams or more of methamphetamine as charged in Count 1 of the Indictment, and guilty of possessing 39 rounds of ammunition affecting interstate commerce after being convicted of a felony, and agrees that this plea is voluntary and not the result of force or threats.

9. Defendant understands that the penalties for the offense to which he is pleading guilty include:

   a. up to life imprisonment and a fine of up to $4,000,000, plus a term of supervised release of not less than five years and up to life as to Count 1 of the Indictment,

   b. a minimum term of imprisonment of ten years as to Count 1 of the Indictment,

    c. Up to ten years imprisonment and a fine of up to $250,000 plus a term of supervised release of up to three years as to the Count of the Information, and

    d. At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

In addition, the Court must impose a $100 special assessment as to each count to which the Defendant is pleading guilty. Defendant agrees to pay $100 for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

10. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

From sometime in 2001 to on or about September 30, 2004, the defendant was part of a conspiracy to distribute a quantity of methamphetamine, its salts, isomers and salts of its isomers in excess of 50 grams. During that period of time the defendant arranged to receive multiple pound quantities of methamphetamine from "Marco" a Mexican source of methamphetamine in California. On a monthly basis, "Marco" traveled to Maui and provided five pounds quantities of methamphetamine to the defendant in 2002 and 2003 at the price of $25,000 per pound.

On one occasion in 2002, the defendant sent approximately $100,000 in cash inside a home stereo speaker to "Marco" in Los Angeles. The package was never received. In 2003, the defendant sent approximately $160,000 in cash hidden in a stereo component to "Marco" in California. The cash was intercepted by law enforcement officers in San Diego. The defendant usually paid "Marco" for the drugs that were provided to him on credit by sending $100,000 in cash to "Marco" for the previous five pounds of ice he had received.

The defendant also regularly received methamphetamine from Moses Kiakona, aka "Paele" during 2001 through 2004. The

defendant routinely picked up two or three pound quantities of methamphetamine per month from Kiakona. The defendant distributed the methamphetamine that he had obtained from his sources to various individual on Maui.

On or about August 21, 2004, the defendant traveled to Kiakona's residence in Honokahau Valley in Maui and obtained two pounds of methamphetamine which he intended to distribute.

The methamphetamine that the defendant obtained from Kiakona on August 21, 2004 was seized by the Maui police on August 22, 2004 and was analyzed by the DEA. The drugs were found to be 1,015 grams net weight of a substance that was determined to be 68 percent pure d-methamphetamine, a Schedule II controlled substance.

The defendant also possessed 39 rounds of Springfield .30-06 caliber ammunition at his residence on September 30, 2004. The 39 rounds of .30-06 ammunition had been manufactured outside the State of Hawaii. The defendant had previously been convicted in January 24, 2001 in Second Circuit Court No. 00-0405 of the State of Hawaii of theft in the second degree, a felony.

11. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilt adequately reflect the seriousness of the actual offense

behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

      12. The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

      13. The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

14. The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

   a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

   b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

15. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

16. The Defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

17. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public

9

and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

      b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

      c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

      d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to

confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

  e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  f. At a trial, defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substance as charged in the Indictment.

  18. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

  19. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

  20. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any

stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

21. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

22. The Defendant agrees that he will fully cooperate with the United States.

   a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving codefendants and others indicted later in the investigation, and related civil proceedings.

   b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires.

c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crimes in this Indictment or any subsequent charges related to this investigation, at which the prosecution requests him to testify.

d. Pursuant to § 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under § 1B1.8(b) of the Sentencing Guidelines.

23. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after Defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the Defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

24. Pursuant to Guideline Section 5K1.1 and Rule 35(b), Federal Rules of Criminal Procedure, the prosecution may move the Court to depart from the Guidelines on the ground that

the Defendant has provided substantial assistance to authorities in the investigation or prosecution of another person who has committed an offense. Pursuant to Title 18, United States Code, Section 3553(e), the prosecution may also move the Court to impose a sentence below the level established by statute as a minimum sentence for Count 1 on the ground that Defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense. Defendant understands that:

      a.  The decision as to whether to make such a request or motion is entirely up to the prosecution.

      b.  This Agreement does not require the prosecution to make such a request or motion.

      c.  This Agreement confers neither any right upon the Defendant to have the prosecution make such a request or motion, nor any remedy to Defendant in the event the prosecution fails to make such a request or motion.

      d.  Even in the event that the prosecution makes such a request or motion, the Court may refuse to depart from the

//
//
//
//
//

Guidelines or to impose a sentence below the minimum level established by statute.

DATED: Honolulu, Hawaii, JAN 18 2006.

AGREED:

_____  
EDWARD H. KUBO, JR.  
United States Attorney  
District of Hawaii

_____  
SHAM VIERRA  
Defendant

_____  
FLORENCE T. NAKAKUNI  
Chief, Narcotics Section

_____  
SAMUEL P. KING, JR.  
Attorney for Defendant

_____  
THOMAS MUEHLECK  
Assistant U.S. Attorney